

# COURT OF APPEALS
## SEVENTH DISTRICT OF TEXAS
## AMARILLO

## MANDATE

THE STATE OF TEXAS

To the 31st District Court of Lipscomb County, Greeting:

BEFORE our Court of Appeals for the Seventh District of Texas, on May 19, 2014, the cause upon appeal to revise or reverse your judgment between

**Unit Petroleum Company v.
David Pond Well Service, Inc., d/b/a D.W.P. Production**

**Case Number: 07-12-00359-CV Trial Court Number: 11-04-4287**

was determined and therein our said Court made its order in these words:

Pursuant to the opinion of the Court issued May 19, 2014, it is ordered, adjudged and decreed that the judgment of the trial court is reversed and that judgment is hereby rendered declaring that, as between Unit Petroleum Company (Unit) and David Pond Well Service, Inc. d/b/a D.W.P. Production (Pond), (1) Unit owns the exclusive right to establish a proration unit encompassing any part of the South one-half (S/2) of Section 539, Block 43, H.&T.C. RR. Co. Survey, Lipscomb County, Texas, save and except the 5 ½ inch diameter wellbore, known as the Tarbox #1 well, from a depth of 7,930 feet subsurface to 7,990 feet subsurface, (2) Pond owns the exclusive right to establish a proration unit encompassing any part of the 5 ½ inch diameter wellbore, known as the Tarbox #1 well, from a depth of 7,930 feet subsurface to 7,990 feet subsurface, (3) Unit owes Pond the duty to designate a sufficient amount and configuration of acreage from the South one-half (S/2) of Section 539, Block 43, H.&T.C. RR. Co. Survey, Lipscomb County, Texas to permit Pond to produce, in accordance with the rules and regulations of the Texas Railroad Commission, oil, gas and other minerals from the Tarbox #1 well, and (4) Pond did not acquire title to any oil, gas or other minerals in place outside of the Tarbox #1 well, or the appurtenant right to establish, designate or claim a proration unit encompassing any property other than the wellbore itself.

It is further ordered that this cause is remanded to the trial court to consider issues relating to injunctive relief as well as damages and attorney's fees which were severed from the original lawsuit.

It is further ordered, adjudged and decreed that all costs expended in this appeal be paid by Appellee, David Pond Well Service, Inc. d/b/a D.W.P. Production.

It is further ordered that this decision be certified below for observance.

o O o

WHEREFORE, WE COMMAND YOU to observe the order of said Court of Appeals for the Seventh District of Texas, in this behalf, and in all things to have it duly recognized, obeyed and executed.

WITNESS, the Honorable Justices of our said Court, with the seal thereof annexed, at the City of Amarillo on September 24, 2015.



*Vivian Long*
VIVIAN LONG, CLERK